UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHINA HAWKINS, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-01243 |
| | ) |
| v. | ) |
| | ) |
| G & D INTEGRATED | ) |
| TRANSPORTATION, INC., | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, China Hawkins ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against G & D Integrated Transportation, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendant's race-based discrimination, sex-based discrimination, and retaliation under Title VII.

2. This lawsuit also arises under Illinois law seeking redress for Defendant's defamation and defamation per se of Plaintiff.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial

district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count V through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a dual charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (IDHR) (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, China Hawkins, was a resident of Illinois.

11. At all times material to the allegations in this Complaint, Defendant, G & D Transportation, Inc. is a corporation doing business in and for Tazwell County, Illinois, whose address is 50 Commerce Drive Morton, IL 61550.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

13. During the applicable limitations period, Defendant has had at least fifteen employees.

14. During the applicable limitations period, Defendant has been an "employer" as

defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

15. Plaintiff worked for Defendant as a CDL Class A truck driver from May 30, 2023, until their unlawful termination on or around August 29, 2023.

16. Since at least August 14, 2023, through August 29, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class, violating Title VII and Section 1981.

17. Plaintiff is an African American female and is a member of a protected class because of their race and sex.

18. Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

19. Plaintiff was subjected to continuous race and sex-based discrimination during their employment by Defendant.

20. On or about August 14, 2023, Plaintiff received a notification their request for a transfer, which had been properly submitted on a timely basis, was denied.

21. Plaintiff requested the transfer due to personal circumstances, conditions necessitating a transfer which Defendant was aware of.

22. Defendant's denial of Plaintiff's request was an aberration from their typical practices.

23. Defendant's Caucasian male employees routinely received approval for transfer requests without issue.

24. Given the commonplace nature of transfers for Defendant's Caucasian male

employees, Plaintiff reasonably believed their request would be honored in the same fashion.

25. Defendant attempted to explain this break from their typical practice by informing Plaintiff there were no available positions at the new location which Plaintiff requested transfer to.

26. However, this explanation proved to be blatantly false when, after Plaintiff's termination, Defendant had placed multiple openings in the location where Plaintiff had wanted to work.

27. On or about August 16, 2023, Plaintiff attempted to inquire about the possibility of the transfer once more, but Plaintiff's efforts were unsuccessful.

28. Defendant continued to discriminatorily deny Plaintiff's requests while continuing to transfer Caucasian male employees at their request without issue.

29. As Plaintiff experienced this disparate treatment, they were disheartened due to the pervasive discrimination.

30. This conduct reminded Plaintiff of an incident earlier in their tenure when Defendant allowed a client to insult Plaintiff without any support.

31. Defendant permitted the client to verbally abuse Plaintiff.

32. On or about August 28, 2023, Plaintiff expressed their concerns to a supervisor that she was being treated differently than her mostly Caucasian, male colleagues.

33. Plaintiff explicitly opposed the disparate treatment they received compared to Caucasian males.

34. On or about August 29, 2023, Defendant retaliated against Plaintiff for engaging in protected activity of reporting race and sex-based discrimination and terminated their employment.

35. Plaintiff met or exceed Defendant's performance expectations during the entire duration of Plaintiff's employment.

36. Plaintiff was unlawfully terminated because of their race, African American, and sex, female on or around August 29, 2024.

37. Plaintiff was retaliated against, and Plaintiff's employment was ultimately terminated for opposing unlawful discrimination and for exercising Plaintiff's protected rights.

38. Plaintiff reported the race and sex-based discrimination to Defendant.

39. Plaintiff was targeted for termination because of their race, sex, and for engaging in protected activity.

40. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

41. There is a basis for employer liability for the race and sex-based discrimination that Plaintiff was subjected to.

42. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of Plaintiff's retaliation claim- because Plaintiff lodged complaints directly to Plaintiff's manager about the discrimination.

43. After terminating Plaintiff, Defendant has made several false, and defamatory statements about Plaintiff.

44. Specifically, Defendant has told numerous prospective employers that Plaintiff was terminated for time theft.

45. Defendant's statements about Plaintiff are false and have harmed her ability to obtain employment.

46. Defendant's false statements have also harmed Plaintiff's professional reputation.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

47. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

48. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

49. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

50. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

51. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

52. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

53. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq*.

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

58. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

59. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

61. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

62. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

63. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination or race-based harassment.

64. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

65. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

7

66. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

67. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

68. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

69. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

70. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

71. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

72. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

73. Plaintiff met or exceeded performance expectations.

74. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

75. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

76. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

8

77. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

78. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

79. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

80. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

81. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex discrimination or sex-based harassment.

82. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

83. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination or harassment.

84. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

85. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

86. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

87. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

88. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT VI
**Defamation**

89. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

90. Defendant made false statements to prospective employers of Plaintiff, specifically alleging that Plaintiff committed time theft.

91. These false statements were communicated to third parties, including but not limited to prospective employers, thereby constituting publication.

92. The statements made by Defendant were false. Plaintiff did not commit time theft or engage in any similar conduct.

93. The statements made by Defendant were not privileged. They were made with the intent to harm Plaintiff's reputation and employment prospects.

94. As a direct result of these false statements, Plaintiff's reputation has been harmed. Plaintiff has experienced humiliation, emotional distress, and loss of employment opportunities.

95. Defendant made these statements either with actual malice, knowing the statements were false, or with reckless disregard for the truth. Alternatively, Defendant was negligent in making these statements without verifying their truthfulness.

96. As a direct and proximate result of Defendant's false and defamatory statements, Plaintiff has suffered damages, including but not limited to loss of income, loss of employment opportunities, emotional distress, and damage to reputation.

## COUNT VII
### Defamation Per Se

97. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

98. Defendant made false statements to prospective employers of Plaintiff, specifically alleging that Plaintiff committed time theft.

99. Under Illinois law, statements falsely imputing the commission of a crime or lack of integrity in employment are considered defamation per se. Accusing Plaintiff of time theft falls into this category.

100. These false statements were communicated to third parties, including but not limited to prospective employers, thereby constituting publication.

101. The statements made by Defendant were false. Plaintiff did not commit time theft or engage in any similar conduct.

102. The statements made by Defendant were not privileged. They were made with the intent to harm Plaintiff's reputation and employment prospects.

103. As a result of the defamatory statements per se, harm to Plaintiff's reputation is presumed under Illinois law.

104. Defendant made these statements either with actual malice, knowing the statements were false, or with reckless disregard for the truth. Alternatively, Defendant was negligent in making these statements without verifying their truthfulness

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Compensatory and punitive damages;

    d.    Reasonable attorneys' fees and costs;

    e.    Award pre-judgment interest if applicable; and

    f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 11th day of July 2024.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*